IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY E. EALY,**

      **Plaintiff,**

  v.                                Civil Action 2:19-cv-826
                                    Judge George C. Smith
                                    Magistrate Judge Kimberly A. Jolson

**JUDGE THOMAS MARCELAIN,**
**et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to Proceed with Law Suit (Doc. 1). For the reasons that follow, the Undersigned **RECOMMENDS DENYING** Plaintiff's Motion and **DISMISSING** the case.

**I.    BACKGROUND**

Plaintiff has a long history of litigation in the Southern District of Ohio. In April 2009, Judge Dlott provided a helpful summary of that history. (*See generally* Doc. 1-3). She concluded:

> Mr. Ealy's submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. The sheer number of Mr. Ealy's baseless and duplicative complaints evidences his bad faith and amounts to an abuse of the judicial process, including the privilege of proceeding in forma pauperis. *See Riches v. Garese*, Civ. No. 08–086, 2008 WL 2475733, at *2–3 (E.D.Ky. June 18, 2008) (and cases cited therein).
>
> Given Mr. Ealy's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding in forma pauperis in any future action filed in this Court and from filing any new complaint, removal petition, habeas corpus petition, and/or other action without prior approval of the Court. This injunctive relief has no punitive aspect and serves

> a purely deterrent function. The injunction does not close the courthouse to Mr. Ealy, but does impose financial consequences designed to compel Mr. Ealy to seriously consider what he is doing before initiating yet another lawsuit.

(*Id.* at 10). Judge Dlott's Order requires Plaintiff:

> to attach a copy of this Order, the Court's accompanying judgment, and proof of payment of the entire filing fee of $350.00 to any proposed future complaint, removal petition, habeas corpus petition, and/or other action to be filed in the Southern District of Ohio, accompanied by a motion for leave to file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio.

(*Id.* at 11).

A review of this Court's CM/ECF system indicates that Plaintiff has filed at least eight additional cases in this Court since the issuance of Judge Dlott's Order. None have been litigated with any degree of success.

Plaintiff filed the proposed Complaint (Doc. 1-1) on March 7, 2019. Although difficult to follow, he alleges numerous violations of his civil rights. (*See generally id.*). The proposed Complaint contains six counts: Count I – False arrest and illegal detention; Count II – Unreasonable search and seizure; Count III – "Bivens Act unreasonable use of force search and seizure"; Count IV – "Implementing § 14141 'Pattern or Practice' Slavery and Oppression"; Count V – "Human Rights Violations and 42 U.S. Code § 1985 – 1-2-3 Conspiracy to interfere with health and welfare"; and Count VI – Violations of the Eighth, Thirteenth and Fourteenth Amendments (*Id.*, ¶¶ 35–70).

## II.   DISCUSSION

Construing Plaintiff's proposed Complaint liberally, as the Undersigned must, Plaintiff raises a number of § 1983 civil rights claims against Defendants. The proposed Complaint was filed on March 7, 2019. "In Ohio, causes of action premised upon 42 U.S.C. § 1983 are subject to a two-year statute of limitations." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688,

691 (6th Cir. 2017) (citing *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855–56 (6th Cir. 2003)). "That period begins to run 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Basista Holdings*, 710 F. App'x at 691 (citing *Trzebuckowski*, 319 F.3d at 856).

Here, any claim that accrued prior to March 7, 2017 is barred by this statute of limitations. Plaintiff was released from prison on March 7, 2017. (Doc. 1-1, ¶ 33). All of his alleged claims accrued prior to that date. (*See* Doc. 1-1, ¶¶ 35–40 (alleging false arrest and illegal detention on May 2, 2016); *id.*, ¶¶ 41–50 (alleging unreasonable search and seizure on February 9, 2016); *id.*, ¶¶ 51–53 (alleging unreasonable use of force and search and seizure for the time period between September 14, 2016 through December 3, 2016); *id.*, ¶¶ 54–57 (alleging "pattern or practice" of "slavery and oppression" after initial encounter with correctional officer on September 14, 2016); *id.*, ¶¶ 58–67 (alleging that he was sick on multiple occasions in prison because of poisoned drinking water); *id.*, ¶¶ 68–70 (alleging unconstitutional conduct related to his 2016 trial and sentencing)). Plaintiff's claims are, therefore, barred by the statute of limitations. *See Basista Holdings*, 710 F. App'x at 691 (citing *Trzebuckowski*, 319 F.3d at 856).

## III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS DENYING** Plaintiff's Motion (Doc. 1-1) and **DISMISSING** the case.

IT IS SO ORDERED.

Date: April 19, 2019                                  /s/ Kimberly A. Jolson
                                                      KIMBERLY A. JOLSON
                                                      UNITED STATES MAGISTRATE JUDGE